IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No.

**LAURIE L LORD**

      Plaintiff,

v.

**WESTERN AGRICULTUARAL INSURANCE COMPANY DBA FARM BUREAU FINANCIAL SERVICES**

      Defendant.

---

## COMPLAINT

---

      COMES NOW, Plaintiff, Laurie L Lord, by and through her attorneys, Collin J. Earl and Ryan T. Earl of EARL & EARL PLLC, hereby submits her Complaint against Defendant Western Agricultural Insurance Company dba Farm Bureau Financial Services and aver as follows:

### IDENTIFICATION OF PARTIES

      Plaintiff, Laurie L Lord, is a resident of the State of Colorado.

      Defendant Western Agricultural Insurance Company dba Farm Bureau Financial Services (hereinafter referred to as Defendant Farm Bureau) at all times relevant, a foreign corporation licensed to conduct business in Arizona and Colorado.

## JURISDICTION AND VENUE

Plaintiff incorporate herein by reference the relevant and needed allegations set forth with specificity in all preceding paragraphs of this Civil Complaint as if set forth *verbatim.*

Article VI, Section 9 of the Constitution of the State of Colorado provides that the District Court shall be the trial court of record with general jurisdiction and shall have original jurisdiction of all civil, probate and criminal cases, except as otherwise provided by statute and shall have such jurisdiction as may be prescribed by law.

The accident giving rise to this litigation took place in the State of Arizona, on May 23, 2014.

The UIM contract of insurance was entered between Plaintiff and Defendant Farm Bureau in the State of Arizona.

Plaintiff Lord since the accident has relocated to State of Colorado.

This is an action for damages in excess of the sum of $75,000.00, exclusive of costs, interest and attorney's fees.

Venue and jurisdiction based on the filing of the Complaint is proper in the United States District Court for the District of Colorado to the diversity.

Venue and jurisdiction based on the filing of the Complaint is proper in the United States District Court for the District of Colorado to the diversity.

## FACTUAL ALLEGATIONS

Plaintiff re-alleges all previous allegations and statements of this Complaint and hereby incorporates all preceding allegations and statements as if fully set forth herein.

This Complaint arises from a motor vehicle accident which occurred on May 23, 2014, in which Plaintiff was injured.

On or about May 23, 2014, Plaintiff Lord was the restrained driver of his 2005 Toyota 4Runner on May 23, 2014, stopped at a red-light when she was rear-ended by the tortfeasor, Travis Williams, who was not paying attention.

The tortfeasor failed to keep proper look out and rear-ended Plaintiff's vehicle. The tortfeasor and vehicle were insured by Geico Insurance Company.

Plaintiff has resolved their claims against the tortfeasor for the policy limits and received permission from Defendant Farm Bureau to settle with the tortfeasor's carrier, Geico.

Plaintiff Lord has an Under Insured Motorist (hereinafter UIM) policy with Farm Bureau which was in force and effect at the time of the motor vehicle accident.

The Farm Bureau policy provides UIM benefits of $250,000.00 per person/$500,000.00 per accident.

Plaintiff has been unable to reach an agreement with Farm Bureau regarding the amount of damages.

As a result of the motor vehicle accident, Plaintiff has sustained serious personal injuries.

As a further direct and proximate result of the motor vehicle accident, Plaintiff has sustained past and future non-economic losses, including, but not limited to: pain and suffering, inconvenience, loss of enjoyment of life, emotional distress; past and future economic losses including medical and rehabilitation expenses, vocational rehabilitation expenses, impairment of earning capacity, loss of time, and

lost wages; and past and future physical impairments.

Further, Plaintiff Lord has incurred over $25,000.00 in past medical expenses and is still receiving medical treatment and will incur future medical and rehabilitation expenses.

Defendant has refused tender the limits of their policy and refuses to explain how they came to their conclusions. Therefore, Plaintiff has been forced to file this lawsuit, and thereby dilute her UIM benefits in order to seek full compensation for his injuries that she suffered as a result of the motor vehicle accident.

Under Colorado Law, "A first-party claimant ...whose claim for payment of benefits has been unreasonable delayed or denied may bring an action in district court to recover reasonable attorney fees and court costs and two times the covered benefit". *Colo. Rev. Stat.* §10-3-1116.

Defendant Farm Bureau has unreasonably breached its insurance contract and has unreasonably delayed and denied Plaintiff's claims.

## FIRST CLAIM FOR RELIEF
### *Breach of Contract by Defendant*

Plaintiff Lord re-alleges all previous allegations and statements of this Complaint and hereby incorporates all preceding allegations and statements as if fully set forth herein.

Plaintiff is named insured on a contract of insurance between Farm Bureau and Plaintiff.

Plaintiff is beneficiarys of the contract of insurance between Plaintiff and Farm Bureau.

Farm Bureau has refused to provide Plaintiff with certain UIM benefits pursuant to the contract of insurance.

As a result of Defendant Farm Bureau's breach of its contract with Plaintiff, Plaintiff has suffered the aforementioned damages, including, without limitation, non-payment of UIM limits for Plaintiff; statutory interest on Plaintiff's UIM benefits from the date of the accident to present; statutory interest over UIM limits; reasonable costs; reasonable attorney's fees; and other economic losses resulting from her unpaid UIM benefits that was required to be paid under the UIM provisions of her UIM auto insurance policy.

## SECOND CLAIM FOR RELIEF
### Unreasonable Breach of Contract by

Plaintiff re-alleges all previous allegations and statements of this Complaint and hereby incorporates all preceding allegations and statements as if fully set forth herein.

An insurance company owes to those it insures the duty of good faith and fair dealing. That duty is breached if the company unreasonably delays or denies payment of the UIM benefits or engages in unreasonable conduct or assumes an unreasonable position regarding payments of UIM benefits.

"If an insurer lacks a 'reasonable basis' to deny a claim, the claim is not 'fairly debatable.'" *Geiger v. American Std. Ins. Co.*, 192 P.3d 480 (Colo. App. 2008).

Defendant owed duties to Plaintiff under the policy's implied covenant of good faith and fair dealing, including the duty to investigate and adjust Plaintiff's entitlement to UIM benefits in good faith.

Defendant's policy of insurance includes an implied covenant of good faith and fair dealing requiring that Farm Bureau would, in good faith and in the exercise of fair dealing, deal with Plaintiff fairly and honestly; faithfully perform its duty of representation; and do nothing negligent or willful to impair, interfere with, hinder, or potentially injure their rights to receive UIM benefits of the Farm Bureau' policy.

Farm Bureau' failure to act in good faith (not the condition of non-payment) leads to tort liability. *Farm Bureau Group, Inc. v. Trimble,* 691 P.2d 1138 (Colo. 1984). *(See also Colo. Rev. Stat.* §10-3-1116, "A first-party claimant...whose claim for payment of benefits has been unreasonable delayed or denied may bring an action in district court to recover reasonable attorney fees and court costs and two times the covered benefit.") Thus, Farm Bureau's continued bad faith denial of UIM benefits established Plaintiffs' rights to recover under §10-3-1116(1).

Plaintiff also suffered non-economic damages, including emotional distress arising out of Farm Bureau' unreasonable breach of insurance contract. See *Goodson v. American Standard*, 89 P.3d 409, 412 (Colo. 2004) (holding that "in a tort claim against an insurer for breach of the duty of good faith and fair dealing, the Plaintiffs may recover damages for emotional distress without proving substantial property or economic loss.")

The following unreasonable conduct by Farm Bureau violates the Unfair Claims Practices Act - C.R.S. §10-3-1101 et seq. and caused damages, injuries, and losses to Plaintiff, including, but not limited to the following:

Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue;

Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;

Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;

Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear;

Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds;

Refusing to pay claims without conducting a reasonable investigation based upon all available information;

Failing to promptly provide a reasonable explanation in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement; and/or

Issuing, soliciting, or using an automobile policy form, endorsement, or notice form that does not comply with statutory mandates.

Plaintiff submitted reasonable proof of injuries, damages, and losses, including her likely future medical and rehabilitation bills and past medical and rehabilitation bills incurred, to Farm Bureau.

Farm Bureau failed to perform its obligations pursuant to the insurance contract and has willfully and negligently and unreasonably delayed their investigation and, willfully and negligently and unreasonably made decisions adversely affecting Plaintiff.

By denying and/or delaying payment of her entitlement to her UIM

benefits, Farm Bureau has acted unreasonably. Farm Bureau conduct alleged herein was purposeful and calculated.

Defendant had to have realized that the decision to deny or delay UIM benefits was in direct contravention of their obligations under Plaintiff's insurance contract with Defendant. The denial and/or delays in payment o f UIM benefits was done recklessly and with knowledge, either actual or constructive, of the destruction, hassle, and emotional distress that the bad faith denial and/or delays would have on Plaintiff.

These wanton and reckless acts or omissions by Farm Bureau were committed with knowledge and intent and were not contemplated to be in the best interest or within the legal rights of the insured.

Further, Defendant Farm Bureau' policy is against public policy because it forces the insured to litigate by not allowing the insured to choose arbitration and allows Farm Bureau to collect interest on Plaintiff's UIM benefits, and therefore, it dilutes the insured's benefits under Farm Bureau' UIM insurance policy.

Further, Farm Bureau breached its duty of good faith and fair dealing because it unreasonably denied and/or delayed payment of her UIM benefits and Farm Bureau knew that the delay or denial was unreasonable or recklessly disregarded whether its position was unreasonable.

As a result of Farm Bureau' unreasonable breach of its insurance contract with Plaintiff, Plaintiff has suffered the aforementioned damages, including without limitation, non-payment of UIM limits; economic and non-economic damages including emotional distress caused by Farm Bureau' unreasonable breach of contract; statutory

interest on her UIM benefits from the date of the accident to present; statutory interest over her UIM limits; reasonable costs; reasonable attorney's fees; and two times the covered benefits.

### THIRD CLAIM FOR RELIEF
*Unreasonable Delay or Denial of Benefits-Entitling First Party Claimant to Recover Reasonable Attorney's Fees and Court Costs, and Two Times the Covered Benefit*

Plaintiff re-alleges all previous allegations and statements of this Complaint and hereby incorporates all preceding allegations and statements as if fully set forth herein.

In February of 2017, Plaintiff submitted a demand for policy limits.

In March 2017, Defendant stated they needed additional information to properly evaluate the claim.

On May 2017, Defendant again requested more information, including 5 years prior medical treatment for the Plaintiff.

In November 2017, a large amount of information, including everything from prior treatment records to pictures to current and ongoing treatment notes was sent to Defendant.

In December 2017 a phone call was placed to Defendant wanting to know status of the evaluation of the UIM claim.

In January 2018, an offer was finally made for Five Thousand Dollars ($5,000) "new money" to settle Plaintiff's UIM claim with no evaluation or explanation of how Defendant came to that figure.

Pursuant to Colo. Rev. Statues 10-3-1116(1), "a first-party claimant whose claim has been unreasonably delayed or denied may bring an action in a district

court to recover reasonable attorney fees and court costs and two times the covered benefit."

Farm Bureau acted unreasonably in that it unreasonably failed to investigate and adjust for Plaintiff's entitlement to UIM benefits in unreasonably delaying and/or denying payment of their UIM benefits.

As a result of Farm Bureau' unreasonable breach of its  UIM insurance contract with Plaintiff, Plaintiff has suffered the aforementioned damages, including without limitation, non-payment of UIM limits; economic and non-economic damages including emotional distress caused by Farm Bureau' unreasonable breach of insurance contract; statutory interest on her UIM benefits from the date of the accident to present; statutory interest over the UIM limits; reasonable costs; reasonable attorney's fees; and two times the covered benefit.

WHEREFORE, Plaintiff prays that judgment be entered in h e r favor and against WESTERN AGRICULTUARAL INSURANCE COMPANY DBA FARM BUREAU FINANCIAL SERVICES in an amount that fully and fairly compensates Plaintiff for her injuries, damages and losses, both past and future; for payment of all unpaid UIM benefits to compensate her for her non-economic, economic, and physical impairment damages; double the recovered benefit and reasonable attorney fees and costs incurred in obtaining payment of the UIM benefits by the filing of this action pursuant to Colo.Rev.Stat §10-3-1116; for general damages, including emotional distress resulting from the bad faith breach of insurance contract, in an amount to be determined by the trier of fact; special damages as proved, together with pre-judgment interest from the date of Plaintiff's injuries as described and alleged above;

and post-judgment interest as allowed by law. Plaintiff further prays that judgment be entered and that the Court also award costs, expert witness fees, and such other and further relief as this Court may deem just and proper.

Respectfully submitted this 18th day of April 2018.

/s/Collin Joseph Earl, Esq.
Collin Joseph Earl, Esq., # 41808
Ryan Thomas Earl, Esq., # 45910
EARL & EARL PLLC
1259 Lake Plaza Drive, Ste. 230
Colorado Springs, CO 80906
Telephone (719) 900-2500
collin@earlandearl.com}

Plaintiff's Address:
C/O
Earl & Earl, PLLC
1259 Lake Plaza Drive, Ste. 230
Colorado Springs, CO 80906